# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| TOM GEORGE, CHRIS VITRON, LORI CHAPKO and EDWARD SNEAD on behalf of themselves and all others similarly situated,<br><br>  Plaintiffs,<br>vs.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, an Indiana unincorporated association, TICKETMASTER, INC., a Delaware Corporation,<br>  Defendants. | CASE NO. CV 08-03401 GAF (AGRX)<br><br>**STIPULATED PROTECTIVE ORDER** |

The Court having considered the Stipulation for Entry of Protective Order, and it appearing that there is good cause for an Order providing confidential treatment for

///
///
///
///

1

127,779,526 v1

certain documents and information that may be disclosed or produced during discovery or other proceedings herein,

      IT IS HEREBY ORDERED:

      1.    This Order governs the documents produced to Plaintiffs by Defendant Ticketmaster containing sensitive business material included in contracts between Defendant and third parties (collectively "Material").

      2.    Ticketmaster may designate as "Confidential" documents and/or information produced by Ticketmaster that reasonably may be considered private, confidential, trade secret, commercially sensitive and/or proprietary in nature, or that it reasonably believes is governed by an applicable state or federal statute or regulation restricting disclosure of personal medical and financial information ("Confidential Material"). The term "trade secret" shall have the same meaning as that found in California Civil Code §3426.1, and that statute is incorporated into this Order by reference as though fully contained herein.

      3.    Designation of documents and/or information as "Confidential" may be made by marking the document or medium containing the information (or embedding the image file thereof) with such a designation, or by written advice otherwise identifying the information, or by any other means which reasonably identifies the Confidential Material.

      4.    All documents, information and things designated as "Confidential" pursuant to paragraph 3 shall not be disclosed, published, disseminated, or otherwise disclosed except as permitted by this agreement.

      5.    No party or its counsel shall disclose Confidential Material except to the following: (a) a party to this litigation, but limited to a party's employees who have a reasonable need for disclosure of the Confidential Materials; (b) outside legal counsel for the parties (including staff associated with or employed by outside legal counsel); (c) consultants or expert witnesses employed by counsel of record for the current parties; (d) persons noticed for deposition or designated as trial witnesses in this litigation to the extent reasonably necessary in preparing to testify, provided that counsel reasonably

believes that the witness has relevant knowledge about the creation, distribution, contents or maintenance of the particular Confidential Material to be disclosed; and (e) the Court, including court reporters and stenographic reporters.

6. Documents, testimony, evidence, and other matters shall not be deemed Confidential Information if the substance of the documents, testimony, evidence, or matter: (a) does not constitute a trade secret or other confidential research, development, or commercial information, as defined by California Civil Code § 3426.1 or Fed. R. Civ. P. 26(c)(7); (b) is, at the time of disclosure by the Designating Party, already in the possession of the Recipient Party and was not acquired from the Designating Party; or (c) has been made available to the Recipient Party, other than through the discovery process, by a third party who obtained the same by legal means without any obligation of confidence to the Designating Party.

7. Prior to disclosing any Confidential Material to any persons enumerated in paragraph 5(a) – (d) above, counsel must first inform each such person that the document or information to be disclosed contains or constitutes confidential and proprietary business information which may also be trade secrets and which must be held in confidence and may be used solely for the purposes of preparing for this litigation, and further, that these restrictions are imposed by a Protective Order entered by the Court. The persons granted access to any such documents or information shall not reveal or disclose the contents of the Confidential Material for any purposes, including without limitation, any business, professional or commercial purpose, other than those directly relating to this litigation. All such persons shall read this Protective Order or be advised by counsel as to its contents, and shall agree to be bound by its terms in writing in the form attached as Exhibit A.

8. If Confidential Materials are attached to, quoted in or disclosed in any filing with this Court or any appellate court (including, without limitation, any pleadings, affidavits, briefs, memorandum, appendices, or deposition transcripts), then such filing shall be made under seal and shall not become part of the public record of this litigation,

127,779,526 v1

except upon further order of this Court. The following legend shall be clearly written on the face of the sealed envelope under the name and case number of this action:

**CONFIDENTIAL – SUBJECT TO COURT ORDER**
**The contents of this envelope are subject to a Protective Order entered by the Court in *George, et al. v. NCAA, et al.,* No. CV 08-03401, United States District Court, Central District of California Western Division.  These materials shall be treated as confidential, and must not be shown to any person except as authorized by an Order of the Court**.

9. The designation of any information, documents, or things as confidential pursuant to this Order shall not, in and of itself, raise any inference as to the confidentiality of any information, documents, exhibits, or things marked for identification purposes or introduced into evidence at the trial of this litigation.  Nothing in this Order, however, shall preclude any party from seeking confidential treatment from the Court with respect to such information, documents, exhibits, or things or from raising any available objections, including without limitation objections concerning admissibility, materiality, and privilege.  The parties to this Order expressly reserve at this time a determination as to the manner in which confidential information may be used in an evidentiary hearing or at trial.  Special procedures or in camera treatment, if any, shall be determined in the future.

10. If a party disputes the designation of any documents or information as "Confidential," that party shall notify counsel for the designating party of such objection in writing by facsimile or regular mail.  Such writing shall identify the document(s) and/or information to which an objection to the confidentiality is made.  If such an objection is made and is not resolved between the parties after meeting and conferring in good faith, the party challenging the designation may file an appropriate motion to the Court for a ruling that certain Confidential Materials are not entitled to the protection of this Order.  The motion must be made within 5 business days after sending the written objection to the designating party.  The objecting party shall treat the documents or information as "Confidential" until the court rules on the motion.  The burden shall be on

127,779,526 v1

the party that designated the challenged materials as Confidential to justify that designation.

11. If another court or administrative agency subpoenas or orders production of Confidential Materials that a party has obtained under the terms of this Order, such party shall promptly notify the party or other person who produced the Confidential Materials of the pendency of such subpoena or order at least ten days before such production is scheduled or such subpoena is returnable, and no Confidential Materials shall be produced until such ten days shall have elapsed or any party's objections shall have been overruled. If a party receives a subpoena seeking the production of Confidential Materials in less than ten days, the party receiving the subpoena shall notify the party who produced the Confidential Materials within 24 hours of receipt of the subpoena. If, prior to the production date called for in the subpoena, the party that produced the Confidential Materials files a motion with this Court objecting to the production, the party that received the subpoena will not produce the documents until it receives a final order from the Court allowing such a production.

12. At the conclusion of these proceedings, all counsel who have received Confidential Materials and all persons or entities to whom counsel distributed such materials pursuant to the terms of this Order shall maintain the confidentiality of the documents for a period of seven years unless the producing party requests that the documents be returned or destroyed. If such a request is made, the receiving party shall return all Confidential Materials to counsel for the producing party, together with all abstracts, copies and other records of the confidential information, or notify the producing party in writing that all such documents and information have been destroyed. If the producing party does not request that the documents be returned or destroyed within the seven year period, the receiving party may destroy or return the documents at its discretion. "Conclusion of these proceedings" refers to the exhaustion of available appeals, or the running of time for taking such appeals, as provided by applicable law, or the final resolution of all claims.

127,779,526 v1

13. Execution of the Stipulation for Entry of this Protective Order by counsel for the parties shall not be construed as an agreement or admission by any party to this litigation that any documents produced in this litigation which are designated as "Confidential" are relevant or material in any way to the issues pending in this litigation, or a waiver of any privilege with respect thereto.

14. The parties may seek to amend or modify the terms of this Order. The parties may also waive or modify the terms of this Order in a particular circumstance, provided that such waiver or modification shall be in writing, and signed by counsel for both parties.

This Order shall remain in effect unless and until it is modified by the Court.

**IT IS SO ORDERED.**

Dated:  November 26 2008      _____
                              Hon. Gary A. Feess
                              United States District Judge

127,779,526 v1

# **EXHIBIT A**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| TOM GEORGE, CHRIS VITRON, LORI CHAPKO and EDWARD SNEAD on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, an Indiana unincorporated association, TICKETMASTER, INC., a Delaware Corporation,<br><br>    Defendants. | CASE NO. CV 08-03401 GAF (AGRX<br><br>CONFIDENTIALITY AGREEMENT |

  I have read the attached Protective Order entered in this action. I agree to be bound by the terms of that Protective Order, and I will not reveal the documents and/or information contained in Confidential Material to any person or entity other than as allowed by that Protective Order. I agree to return any Confidential Materials that I receive to the party who provided the materials to me, and I agree not to retain any copies of the materials. I consent to the jurisdiction of this Court for purposes of enforcing the Protective Order.

  I certify under penalty of perjury that the foregoing I true and correct.

Dated this _____ day of _____, 200\_\_.

               By: _____

              Name: _____

127,779,526 v1